[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a municipal real estate tax appeal brought by the plaintiffs, James and Joyce Tighe, challenging the Berlin assessor's valuation of two parcels of land on Lamentation Mountain in Berlin on the October 1, 1996 grand list.
The first parcel is a 4.2 acre wood lot designated as lot 30, block 153 on map 27-4 of the Berlin assessor's records. The second parcel is an 7.6 acre wood lot designated as lot 34, block 153 on map 27-4 of the Berlin assessor's records. Neither parcel fronts on a town improved road. Both parcels are bounded on the east by the Middletown town line, and on the west by the Lamentation Mountain ridge line. An unimproved old mountain road runs north and south across both parcels. The plaintiffs purchased CT Page 12585 parcel one on January 28, 1980 for $2400. The plaintiffs purchased parcel two on November 3, 1975 for $2000.
On October 1, 1996, the assessor valued parcel one at $24,700, and parcel two at $36,600. The assessor classified land in Berlin under four categories: primary land, residual land, excess land and wasteland. Parcel one was classified as 4 acres of residual land and .2 acres of excess land. Parcel two was classified as 4 acres of residual land and 3.6 acres of excess land. Following the filing of this appeal by the plaintiffs, the assessor, on his own accord, reduced the valuation of both parcels by $10,000. The assessor reduced the value of parcel one from $24,700 to $14,700. The assessor reduced the value 9f parcel two from $36,600 to $26,600. The reason for the reduction in value was the assessor's determination that the two parcels should not have been classified as part residual and part excess land, but rather both parcels should have been classified totally as excess land.
The only evidence of value presented by the plaintiffs was the testimony of the plaintiff James Tighe. In his opinion, the two parcels were worth $5000 each because they were landlocked and in a remote location. Although an owner is qualified to give his or her opinion of value as to property, James Tighe presented only his opinion, and provided no objective evidence, such as market sales of other remote, landlocked parcels in the area, which would provide the basis for his opinion. In this case, only the market sales approach to value would be viable. Neither the cost approach nor the income approach is an appropriate valuation method for land such as the parcels in this case, which are in a remote location, have no access to public streets, and produce no income. The plaintiffs have not presented any evidence of sales of comparable properties to establish the market value of properties like the subject parcels at or near the date of the last revaluation on October 1, 1996. It is the plaintiffs' burden to show that their property was overvalued by the assessor. Torres v. Waterbury, 249 Conn. 110,117-18, 733 A.2d 817 (1999). "`A taxpayer . . . who fails to carry [the burden of establishing overvaluation] has no right to complain if the trial court accords controlling weight to the assessor's valuation of his property.'" Id., 118, quoting Ireland v. Wethersfield, 242 Conn. 550,559, 698 A.2d 888 (1997).
In this case, the assessor reduced the value of each of the plaintiffs' parcels by $10,000 after the commencement of this appeal based upon the assessor's recognition that his classification was incorrect. We have no credible evidence that the assessor's final valuation was excessive, nor does the assessor have the burden to prove that his determination of market value was not unjust. Ireland v. Wethersfield, supra, 242 Conn. 558. Since this appeal was taken on the revaluation date of October 1, 1996, CT Page 12586 the final valuation of the assessor should be retroactive to that date. The reason we say this is that the reduction in the valuations by the assessor was not an interim change of assessment, but rather was a correction by the assessor based upon his recognition that the plaintiffs' property had been misclassified as of October 1, 1996.
Although we recognize that the assessor's reclassification confirms the plaintiffs' claim that their properties were overvalued, without any credible evidence to make a finding of value, we must give deference to the assessor's valuation, as corrected by him. See Ireland v.Wethersfield, supra, 242 Conn. 560-61.
Accordingly, the plaintiffs' appeal is sustained. The assessor is ordered to reduce the valuation of the subject parcels to $14,700 for parcel one and $26,600 for parcel two beginning on the October 1, 1996 grand list until the next revaluation.
Arnold W. Aronson Judge Trial Referee